UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRIAN A. WILKINS,**

        **Plaintiff,**

v.                                                   Case No: 6:23-cv-849-PGB-EJK

**RCI, LLC,**

        **Defendant.**

### ORDER

This cause comes before the Court on Defendant's Time-Sensitive Motion, Pursuant to Rule 56(d), to Defer Consideration of Plaintiff's Motion for Summary Judgment to Allow Time for Plaintiff's Deposition (the "Motion") (Doc. 51), filed September 20, 2023. Defendant alternatively requests an enlargement of time to respond to Plaintiff's pending motion for summary judgment. (*Id.*) Plaintiff has responded in opposition. (Doc. 55.) Upon consideration, the Motion is due to be granted in part.

This is a Telephone Consumer Protection Act ("TCPA") action brought by *pro se* Plaintiff Brian Wilkins against Defendant RCI, LLC. (Doc. 34.) Plaintiff filed a motion for summary judgment ("MSJ") on September 2, 2023. (Doc. 43.) Discovery in this matter closes on January 2, 2023 (Doc. 42), and Plaintiff has not yet been deposed. The undersigned tolled the time for Defendant to respond to Plaintiff's MSJ until the instant Motion could be resolved. (Doc. 52.)

Defendant asserts that it needs additional time to depose Plaintiff and for the Court to resolve its pending Motion to Compel regarding outstanding written discovery (Doc. 46). (Doc. 51 at 1–2.) It asks that the Court not require it to respond to Plaintiff's MSJ until thirty days after Plaintiff is deposed, so through December 8, 2023.[1] (*Id.*) Plaintiff responds that Defendant failed to confer in good faith on the instant Motion and further asserts that Defendant has not set forth a legally sufficient rationale for the extension. (Doc. 55.)

The undersigned finds that the MSJ is premature. The Eleventh Circuit has held that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988); *see also Carter v. HSBC Mortg. Servs., Inc.*, 680 Fed. App'x 890, 892 (11th Cir. 2017) (unpublished). When essential discovery remains outstanding, the Court has found it appropriate to defer ruling on a motion for summary judgment until after the discovery period has closed. *Sphar v. Amica Mut. Ins. Co.*, No. 6:16–cv–2221–Orl–40TBS, 2017 WL 6406837, at *2 (M.D. Fla. Dec. 15, 2017) (denying without prejudice as premature a motion for summary judgment, to allow time to depose critical witness). Here, Defendant has identified outstanding discovery, most notably Plaintiff's deposition, that it needs in order to adequately respond to Plaintiff's MSJ. Thus, Defendant has established a need for the requested

---

[1] Plaintiff filed a Motion for Protective Order or to Quash Deposition, related to the taking of Plaintiff's deposition. (Doc. 57.) That motion is before the undersigned but is not yet ripe.

extension, so the Court will deny Plaintiff's MSJ without prejudice as premature. *See Sphar*, 2017 WL 6406837, at *2.

Accordingly, it is **ORDERED** that Defendant's Time-Sensitive Motion, Pursuant to Rule 56(d), to Defer Consideration of Plaintiff's Motion for Summary Judgment to Allow Time for Plaintiff's Deposition (Doc. 51) is **GRANTED IN PART**, as set forth herein. Plaintiff's Motion for Summary Judgment (Doc. 43) is **DENIED WITHOUT PREJUDICE** as premature. As provided in the CMSO (Doc. 42), the parties have until and through February 5, 2024, to move for summary judgment, and they are advised to wait until after the close of discovery before doing so.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE