UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRIAN A. WILKINS,**

        **Plaintiff,**

v.                                         **Case No: 6:23-cv-849-PGB-EJK**

**RCI, LLC,**

        **Defendant.**

**ORDER**

This cause comes before the Court on Defendant's Short Form Motion to Compel Better Responses to First Set of Interrogatories (the "Motion") (Doc. 46), filed September 6, 2023. Plaintiff has responded in opposition. (Doc. 47.) Upon consideration, the Motion is due to be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff filed this case on May 8, 2023. (Doc. 1). Plaintiff's operative Second Amended Complaint seeks damages for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleges he received 40 calls from Defendant over the course of 34 days, violating several portions of the TCPA. (Doc. 34 ¶¶ 3, 26–41.) Defendant filed its Answer and Affirmative Defenses on July 26, 2023. (Doc. 38.) The discovery deadline in this matter is January 2, 2024. (Doc. 42.) Defendant has not yet deposed Plaintiff. (*See* Docs. 51, 57.)

Defendant now moves to compel better responses to Interrogatories 2, 6–9, and 11 of its First Request Set of Interrogatories to Plaintiff (Doc. 1-1), served June 20,

2023. (Docs. 46 at 1; 46-2.) Plaintiff answered the Interrogatories on August 9, 2023. (Doc. 46 at 1.)

## II. STANDARD

Rule 26(b)(1) governs the scope of permissible discovery. The rule states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Nevertheless, Rule 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "The Plaintiff's TCPA claim determines the scope of relevant discovery, pursuant to Rule 26(b)(1)." *Slingerland v. Crisp Mktg., LLC*, No. 19-62033-CIV, 2020 WL 1689887, at *2 (S.D. Fla. Jan. 17, 2020).

### III. DISCUSSION

The Court will address each at-issue Interrogatory in turn.

**Interrogatory 2**
Please identify each call you assert is at issue in the Complaint, and for each call, state (1) the date, (2) the time, (3) the number that received the telephone call, and (4) the number that placed the telephone call.

ANSWER: **See Exhibits F, G and H of the Second Amended Complaint for the Verizon.com call logs and the native logs from Moto m5 phone. RCI's phone number (which you simply pick up your own phone and call) is 317-805-9137. Those are the unlawful calls. These calls are also in the Initial Disclosures.**

(Doc. 46-1 at 1–2.)

Defendant argues that it is entitled to a single list of the calls at issue. (Doc. 46 at 2.) Currently, Defendant asserts that there is a discrepancy between the number of calls at issue in the Second Amended Complaint when compared to Plaintiff's Rule 26 disclosures. (*Id.*) (noting a difference of 10 calls and $39,000 in damages). Plaintiff responds that a full and complete list is included in Plaintiff's Motion for Summary Judgment ("MSJ"), found at Docket Entry 43, pages 10–14. (Doc. 47 at 2.)

While Plaintiff asserts he has already provided Defendant with a list of calls in the form of evidence attached to his MSJ, the Federal Rules of Civil Procedure provide that Defendant is entitled to an answer to this Interrogatory that Plaintiff swears to or affirms under oath. Fed. R. Civ. P. 33(b)(3). Since the summary judgment exhibits are not sworn answers, the Court will grant Defendant's Motion as to Interrogatory No. 2.

**Interrogatory 6**
For each call identified in Interrogatory No. 2, please state whether you contend the call was for the purpose of encouraging Plaintiff to purchase, rent, or invest in any property, goods, or services.

**ANSWER: Plaintiff contends that telemarketers are a scourge to modern society, as Senator Fritz Hollings of South Carolina said. Plaintiff formally and unequivocally opted out of all these spam, intrusive, outrageously invasive telemarketing calls from RCI (317-805-9137) on March 14, 2023 (twice), March 23, 2023, and on April 6, 2023; and never provided consent for any of the calls received from March 8, 2023 to March 13, 2023. RCI was calling, selling some sort of vacation package, and has a documented history of harassing people with these vacation sales telemarketing calls. See Second Amended Complaint, Exhibit C. Plaintiff cannot dignify telemarketing calls further. They needed to stop upon order from the Plaintiff.**

**Interrogatory 7**
For each call identified in Interrogatory No. 6 for which you contend the call was for the purpose of encouraging Plaintiff to purchase, rent, or invest in any property, goods, or services, please state the facts supporting your contention.

**ANSWER: Plaintiff formally and unequivocally opted out of all spam, intrusive, outrageously invasive calls from RCI (317-805-9137) on March 14, 2023 (twice), March 23, 2023, and on April 6, 2023; and never provided consent for any of the calls received from March 8, 2023 to March 13, 2023. RCI was calling, selling some sort of vacation package, and has a documented of harassing people with these vacation sales. Telemarketing calls. See Second Amended Complaint, Exhibit C.**

**Interrogatory 8**
For each call identified in Interrogatory No. 6 for which you contend the call was for the purpose of encouraging Plaintiff to purchase, rent, or invest in any property, goods, or services, please identify any witness that will testify regarding the purpose of the call.

ANSWER: **Witnesses are not needed for the purposes of this lawsuit. All evidence is concretely on the court record and shared with RCI counsel.**

**Interrogatory 9**
For each call identified in Interrogatory No. 6, for which you contend the call was for the purpose of encouraging Plaintiff to purchase, rent, or invest in any property, goods, or services, please identify any document that reflects the purpose of the call.

> **ANSWER: Plaintiff formally opted out of all calls from RCI (317-805-9137) on March 14, 2023 (twice), March 23, 2023, and on April 6, 2023; and never provided consent for any of the calls received from March 8, 2023 to March 13, 2023.. [sic] RCI was calling, selling some sort of vacation package, and has a documented history of harassing people with these vacation sales. Telemarketing calls. See Second Amended Complaint, Exhibit C. RCI needed to stop calling, and the Plaintiff wasn't going to dumb himself down by dignifying whatever they were selling ("vacation packages").**

(Doc. 46-1 at 3–5.)

For Interrogatory Nos. 6, 7, and 9, Defendant asserts that Plaintiff's allegations require him to prove that calls from Defendant were made to Plaintiff for a telemarketing purpose. (Doc. 26 at 2–3.) Defendant states that Plaintiff's current answers are not adequate. Plaintiff responds that his responses are adequate and that the issues touched on by these interrogatories are "addressed in even more detail in the Plaintiff's Motion for Summary Judgment," citing to Docket Entry 46, Exhibit 1, pages 3–5. (Doc. 47 at 3.) Plaintiff asserts that any better response to these Interrogatories would "simply be copies and pastes" from his MSJ. (*Id.* at 4.)

Again, while Plaintiff asserts that he has already provided Defendant with a list of calls in the form of evidence attached to his MSJ, Defendant is entitled to a sworn answer to this Interrogatory. Fed. R. Civ. P. 33(b)(3). Plaintiff has not asserted any other objection or basis to avoid answering these Interrogatories. Accordingly, the Court will grant Defendant's Motion as to Interrogatory Nos. 6, 7, and 9.

As to Interrogatory No. 8, the Court will construe Plaintiff's answer as stating that Plaintiff does not intend to call "any witness that will testify regarding the purpose of the call." Therefore, the Motion is denied as to Interrogatory No. 8. The parties are

reminded of the duty to supplement pursuant to Federal Rule of Civil Procedure 26(e).

**Interrogatory 11**

For each call identified in Interrogatory No. 2, please indicate the specific sections of the Telephone Consumer Protection Act, Florida Telephone Solicitation Act, or their applicable regulations, that you assert such telephone call violated.

ANSWER: **Objection. The Florida Telephone Consumer Protection Act does not apply to this case. The specific claims for relief are enumerated in the Second Amended Complaint, pages 8-12.**

(Doc. 46-1 at 5.)

Finally, Defendant states that Plaintiff alleges certain calls constituted more than one TCPA violation, and therefore, Defendant asks Plaintiff to identify, for each call, which section of the TCPA Plaintiff contends Defendant violated. (Doc. 46 at 3.) Plaintiff responds that the Florida Telephone Solicitation Act is irrelevant to Plaintiff's claims. (Doc. 46 at 2.) Again, Plaintiff refers Defendant to his list of calls attached to his MSJ, at Docket Entry 43, pages 10–14, 18, 19, and 21. (Doc. 47 at 4.)

Plaintiff is correct that reference to the Florida Telephone Solicitation Act claim is no longer relevant, given that Plaintiff was allowed to amend his pleading to drop this claim. (Doc. 33.) However, as to the remainder of the Interrogatory, Defendant is entitled to Plaintiff's sworn answer regarding the TCPA and its applicable regulations. Fed. R. Civ. P. 33(b)(3). Therefore, Plaintiff's objection to Interrogatory No. 11 is sustained insofar as the interrogatory references the Florida Telephone Solicitation Act, and Defendant's Motion is granted as to the remainder of the interrogatory.

# IV.  CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Short Form Motion to Compel Better Responses to First Set of Interrogatories (Doc. 46) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The Motion is **GRANTED** as to Interrogatories Nos. 2, 6, 7, and 9, and **GRANTED IN PART** as to Interrogatory No. 11. Plaintiff **SHALL** serve better, sworn answers to these Interrogatories on Defendant **on or before October 16, 2023**.

2. The Motion is **DENIED** as to Interrogatory No. 8.

**DONE** and **ORDERED** in Orlando, Florida on October 3, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE