UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRIAN A. WILKINS,**

        **Plaintiff,**

v.                                                            Case No: 6:23-cv-849-PGB-EJK

**RCI, LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court without oral argument on *Pro Se* Plaintiff's Time Sensitive Short Form Motion for Protective Order or Quash Deposition (the "Motion") (Doc. 57), filed September 25, 2023. Defendant responded in opposition on October 2, 2023. (Doc. 62.) After receiving leave of court (Doc. 68), Plaintiff filed a reply on October 16, 2023. (Doc. 69.) Thus, the Motion is ripe for review. For the reasons set forth herein, the Motion is due to be granted in part and denied in part.

### I. BACKGROUND

Plaintiff filed this case on May 8, 2023. (Doc. 1). Plaintiff's operative Second Amended Complaint seeks damages for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Doc. 34.) Plaintiff alleges he received 40 calls from Defendant over the course of 34 days, violating several portions of the TCPA. (*Id.* ¶¶ 3, 26–41.) Defendant filed its Answer and Affirmative Defenses on July 26, 2023. (Doc. 38.) The discovery deadline in this matter is January 2, 2024. (Doc.

42.)

Relevant to the instant Motion, Defendant has issued Plaintiff an Amended Notice of Taking Deposition Duces Tecum. (Doc. 57-3.) According to the Notice, Plaintiff's deposition will take place on November 8, 2023, at 9:00 a.m., in Orlando, Florida. (*Id.*) It lists the following items to be inspected at the deposition:

1. Any and all cellular devices, owned by Plaintiff, that have been assigned to the phone number (515) 371-4013.

2. The "damaged" cellular device referenced in paragraph 24 of Plaintiff's Second Amended Complaint.

(*Id.* at 5.)

Plaintiff ultimately takes the stance that his deposition should not occur at all, because it is irrelevant to the claims at issue. (*Id.*) He asks the Court to quash his deposition, or alternatively, order interrogatories in lieu of his deposition, order the deposition to be taken by remote means, or order Defendant to pay for Plaintiff's travel and accommodation costs. (*Id.* at 4.)

## II.  DISCUSSION

Plaintiff states that the deposition should be set closer to the parties' mediation date of December 5, 2023, when Plaintiff will already be in Florida. (Doc. 57 at 3.) Plaintiff argues that driving from Iowa, where he is located, to Florida, twice in 60 days will prevent Plaintiff from pursuing this case. (*Id.*) Plaintiff also asserts that Defendant should pay his costs for traveling to the deposition. (*Id.*)

First, Defendant is entitled to depose Plaintiff. Federal Rule of Civil Procedure 30(a) authorizes parties to depose witnesses, including an opposing party. Fed. R. Civ.

P. 30(a); *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 605 (N.D. Fla. 2019). Plaintiff has asserted claims against Defendant, and Defendant is entitled to test the truth of those claims in a deposition. Therefore, Plaintiff's assertion that his deposition is "irrelevant" is unpersuasive.

Moreover, Defendant is entitled to depose Plaintiff in person, in Orlando, Florida. "[T]here is a presumption that a plaintiff may be deposed in the district in which he has initiated his action." *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 608 (N.D. Fla. 2019); *see also Curry v. HSBC N. Am. Holdings, Inc.*, No. 8:14-CV-2420-T-30JSS, 2015 WL 4911447, at *2 (M.D. Fla. Aug. 17, 2015) ("Typically, a plaintiff must make herself available for deposition in the judicial district in which she filed suit.") Plaintiff filed this action against Defendant in the Orlando Division of the Middle District of Florida, and therefore, Plaintiff must submit to a deposition here. *See also* Middle District Discovery (2021) at Section II.A.3 ("A nonresident plaintiff may reasonably expect to be deposed at least once in this district during the discovery stages of the case . . . .")

Plaintiff says traveling to Orlando for his deposition will create an undue burden for him. But "an alleged inability to pay does not necessarily excuse a plaintiff from appearing for a deposition within the judicial district where the plaintiff filed suit." *Curry*, 2015 WL 4911447, at *2. Plaintiff has provided the Court with no concrete evidence of financial hardship. For example, Plaintiff is not proceeding in this case *in forma pauperis*. Therefore, the Court does not find Plaintiff's claim of undue burden to excuse his appearance for deposition in this judicial district, and the costs and expenses

associated with travel to Orlando, Florida must be borne by Plaintiff. The Court will leave the timing of the deposition to be negotiated between the parties, but Plaintiff's request to be deposed during the time he is in Orlando for mediation does not seem unreasonable on its face.

The Court now turns to Plaintiff's opposition to Defendant's request to inspect several of Plaintiff's cellular devices at his deposition. Federal Rule of Civil Procedure 26(c) permits a court, for good cause, to enter a protective order limiting discovery in an action. Fed. R. Civ. P. 26(c). When deciding whether "good cause" exists for a protective order, courts balance the non-moving party's interest in receiving the documents against the moving party's interest in keeping the information confidential. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose, Inc.*, No. 2:15-cv-311-FtM-29CM, 2015 WL 9031929, at *4 (M.D. Fla. Dec. 16, 2015).

As to the first topic of inspection—the cellular device(s) assigned to phone number (515) 371-4013—Defendant asserts it needs to authenticate several screenshots Plaintiff attached as exhibits to his Second Amended Complaint (*see* Doc. 34-1), and it also needs to understand the scope of Plaintiff's preservation of evidence. (Doc. 61 at 2–3.) However, Defendant has not established that the proposed inspection is the least intrusive means of obtaining the information it seeks and has not otherwise offered case law in support of such an inspection. Plaintiff's cell phone likely contains a great amount of information that is irrelevant to this dispute. While Defendant may orally inquire of Plaintiff as to these issues at his deposition, the Court finds that

Plaintiff, at this stage, has identified good cause for a protective order as to topic 1. *Bratcher v. Navient Sols., Inc.*, 249 F. Supp.3d 1283, 1286 (M.D. Fla. Apr. 5, 2017) (denying inspection of cell phone in TCPA action, in part, because there is no right of direct access to a party's cell phone, particularly without additional protections in place); *see also* Middle District Discovery (2021) at Section VIII.E.3. ("Inspection of an opponent's computer system is the exception, not the rule.").

As to the second topic of inspection—the "damaged" cellular device referenced in paragraph 24 of Plaintiff's Second Amended Complaint—Plaintiff asserts in his motion that he is not seeking damages from Defendant for the damage. That being the case, Plaintiff has established good cause for the protective order, and Plaintiff does not need to submit the damaged phone for inspection at his deposition. The Court emphasizes to Plaintiff that he will not be entitled to pursue any damages for this particular allegation.

### III.   CONCLUSION

Accordingly, it is **ORDERED** that *Pro Se* Plaintiff's Time Sensitive Short Form Motion for Protective Order or Quash Deposition (Doc. 57) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion is **GRANTED** to the extent that Plaintiff is protected from turning over the items listed for inspection in the Amended Notice of Taking Deposition Duces Tecum. (Doc. 57-3.)

2. The Motion is otherwise **DENIED**. Plaintiff shall travel to Orlando, Florida

to sit for his deposition pursuant to the Amended Notice of Taking Deposition Duces Tecum. (Doc. 57-3.) The date for the deposition must be arranged between the parties, and the travel expenses associated with the deposition are not reimbursable by Defendant.

**DONE** and **ORDERED** in Orlando, Florida on October 27, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE